UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MIA FAYE HUDGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:16-cv-380-TAV-CHS |
| | ) | |
| NANCY A. BERRYHILL,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil case is before the Court on plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 14, 16] and defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17, 18]. Mia Faye Hudgins ("plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), which is the final decision of defendant Nancy A. Berryhill, Acting Commissioner of Social Security (the "Commissioner").

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided by the Social Security Act (the "Act").

---

[1] During the pendency of this case, Nancy A. Berryhill replaced Acting Commissioner Carolyn W. Colvin. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted as the defendant in this case.

The Commissioner determined that plaintiff is not disabled under the Act. Because the Commissioner's determination is supported by substantial evidence in the record as required by 42 U.S.C. § 405(g), plaintiff's motion [Doc. 14] will be **DENIED**, the Commissioner's motion [Doc. 17] will be **GRANTED**, and the Commissioner's decision will be **AFFIRMED**.

I.  BACKGROUND

   A.  Procedural History

On September 23, 2014, plaintiff protectively filed for DIB and SSI under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.*, based on a ten percent left arm impairment, nerve damage, anxiety attacks, back injury, and a small brain tumor[2] [Tr. 10, 170–179, 229].[3] Plaintiff's claim was denied both initially and after reconsideration [Tr. 79–80, 107–114, 122–127]. On May 3, 2016, plaintiff appeared and testified at a hearing before Administrative Law Judge Kristie Luffman-Minor [Tr. 31–57]. On May 13, 2016, the ALJ issued a decision finding that plaintiff was "not disabled," as defined in the applicable sections of the Act, because she was capable of performing past relevant work and capable of making a successful adjustment to other work that exists in significant numbers in the national economy [Tr. 12–24]. On July 13, 2016, the Appeals Council denied plaintiff's request for review [Tr. 1–3]. Thus, plaintiff has

---

[2] The Court will focus its review of the record on the impairments that are relevant to plaintiff's Motion for Summary Judgment [Doc. 14].

[3] An electronic copy of the administrative record is docketed at Doc. 8.

exhausted her administrative remedies, and the ALJ's decision stands as the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 405(g).

## B. Relevant Facts

### 1. Plaintiff's Age, Education, and Past Work Experience

Plaintiff is currently a fifty-one-year-old individual who performed past relevant work as a painter, cleaner, security guard, case aide, and fast food worker [Tr. 48–51, 209]. At the time of her amended alleged onset date of January 1, 2014, Plaintiff was forty-eight years old [Tr. 170, 174, 273].

### 2. Plaintiff's Testimony and Medical History

The parties and the ALJ have summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters as relevant to the analysis of the parties' arguments.

### 3. The ALJ's Findings

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

2. The claimant has not engaged in substantial gainful activity since January 1, 2014, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative joint disease of left hip, status post left total hip replacement; migraine headaches; anxiety disorder; and depressive disorder (20 C.F.R. § 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the

3

      listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) except she could sit for six hours and stand and/or walk for four hours total of an eight-hour workday; could occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl, but could never climb ladders, ropes, and scaffolds, work at unprotected heights or with dangerous machinery; could understand, remember, and carry out simple, routine instructions; could make work-related judgments typically required for unskilled work; could respond appropriately to supervision, coworkers, and work situations; could have contact with the general public on a rare basis and with supervisors and coworkers on an occasional and superficial basis; and could deal with changes in a routine work setting on an infrequent and gradual basis.

6. The claimant is capable of performing past relevant work as a cleaner/housekeeper, <u>Dictionary of Occupational Titles</u> (DOT) # 323.687-014, light exertional level, unskilled (SVP-2). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2014, through the date of this decision (20 C.F.R. § 404.1520(f) and 416.920(f)).

[Tr. 12–24].

## II. ANALYSIS

### A. Standard of Review

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish she is unable to engage in any substantial gainful activity due to the existence of a medically

determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity she is not disabled; (2) if the claimant does not have a severe impairment she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment she is disabled; (4) if the claimant is capable of returning to work she has done in the past she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520, 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449–50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which she can perform considering her age, education, and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*,

402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). If there is evidence to support the Commissioner's findings they must be affirmed, even if other evidence supports the opposite conclusion. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes there is a zone of choice within which the decision-makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F.

App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

### B. Discussion

Plaintiff states the issues as follows: "(1) The claimant should be limited to sedentary level standing and walking based on the assembled Record"; and (2) "If the claimant were limited to 2 or fewer hours on her feet the capacity would be for sedentary level work and the grid rule regulations would apply to find the claimant disabled. 20 C.F.R. subpt. P, appendix 2, Rule 201.12."

As stated above, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy*, 87 F. App'x at 466 (quoting *Elder*, 90 F.3d at 1118). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–996 (6th Cir. 1997). Here, plaintiff's sparse brief fails to develop any legal argument in support of her position. Plaintiff lists certain evidence from the record from which the ALJ could have reached a different decision, and essentially seems to complain that the ALJ did not assign her the Residual Functional Capacity ("RFC") that she desired. Plaintiff is inviting the Court to re-weigh the evidence. This, however, is not the Court's prerogative. *See Ryan v. Comm'r of Soc. Sec.*, No. 1:16-cv-469, 2017 WL 1653593, at *5 (W.D. Mich. May 2, 2017) (declining to reweigh the medical opinion evidence without a demonstration "that the ALJ's treatment of these opinions [was] not supported by substantial evidence.").

Accepting Plaintiff's invitation here would require the Court to perform a *de novo* review of the record. This is not the Court's role. *See id.*

Plaintiff fails to demonstrate why the ALJ's evaluation of the medical opinions is not supported by substantial evidence. Furthermore, plaintiff makes no specific assertion of error and cites no legal authority in her argument. Plaintiff has not shown how the ALJ erred in assigning her an RFC for light work with additional limitations rather than for sedentary work. Plaintiff's conclusory briefing of the issues amounts to a perfunctory and undeveloped argument and, therefore, a waiver of any potential argument that she may have had with respect to the ALJ's decision.

Notwithstanding such waiver, the Court has reviewed the record in this case and finds that substantial evidence supports the ALJ's decision. Although plaintiff points to some countervailing evidence, there is substantial evidence in the record to support the ALJ's findings. *See Ross v. Richardson*, 440 F.2d at 691 (noting that the Commissioner's decision should be affirmed if it is supported by substantial evidence, even if there is evidence to support a different conclusion). Plaintiff has not demonstrated that the ALJ's decision contains reversible legal error, and, accordingly, the Court finds that the ALJ's decision should be affirmed.

### III. CONCLUSION

Having reviewed the administrative record and the parties' briefs filed in support of their respective motions, the Court concludes there is substantial evidence in the record to support the ALJ's findings and the Commissioner's decision, and that neither reversal nor

remand is warranted on these facts. In light of such evidence, the Court finds that the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *See, e.g.*, *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Accordingly, plaintiff's Motion for Summary Judgment [Doc. 14] will be **DENIED**, the Commissioner's Motion for Summary Judgment [Doc. 17] will be **GRANTED**, and the Commissioner's decision will be **AFFIRMED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE